UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BERTHA ESQUEDA MORALES,

Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY,

Respondent.

Case No.:  3:26-cv-01800-RBM-MMP

**ORDER   GRANTING   PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Bertha Esqueda Morales's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.      BACKGROUND

Petitioner is a citizen of Mexico who entered the United States at some point before December 15, 2020 without being admitted or paroled.  (*See* Doc. 1-2 at 2.)  On December 15, 2020, she was issued a Notice to Appear that charged her as inadmissible under Immigration and Nationality Act § 212(a)(6)(A)(i).  (*Id.*)  In December 2025, ICE arrested Petitioner and placed her in immigration custody at Imperial Regional Detention Facility, where she has remained since.  (Doc. 1 at 4.)  Petitioner has not received a bond hearing before an immigration judge on the ground that her detention is mandatory pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id.* at 3.)

On March 23, 2026, Petitioner filed her Petition. (Doc. 1.) The Court set a briefing schedule shortly thereafter. (Doc. 2.) Respondent filed their Response to Petition ("Response") on March 30, 2026. (Doc. 4.) Petitioner was authorized to file a reply on or before April 6, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that she "is being unlawfully detained under the wrong statutory authority and unlawfully denied an Immigration Judge Custody redetermination bond hearing, because DHS is treating [her] as detained under 8 U.S.C. § 1225(b)(2)" when she should be subject to § 1226. (Doc. 1 at 2–6.) She seeks a prompt bond hearing or release. (*Id.* at 4.) Respondent argues that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledges that Courts in this District have repeatedly reached the opposite conclusion," and that "the facts are not materially distinguishable" here. (Doc. 4 at 2–3.)

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025). In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory

2

detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years. *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained in December 2025 in the interior of the United States, after having resided in the United States for years. (Doc. 1-2 at 2; Doc. 1 at 4.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.    CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondent is **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-01800-RBM-MMP

determine whether detention is warranted.  Respondent shall bear the burden of establishing, by clear and convincing evidence,[2] that Petitioner poses a danger to the community or a risk of flight.[3]

**IT IS SO ORDERED.**

DATE:  April 7, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[3] This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

4

3:26-cv-01800-RBM-MMP